IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA CLAYBORNE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ELMHURST COLLEGE, and )<br>ELMHURST COLLEGE BOARD )<br>OF TRUSTEES, )<br>Defendants. ) | Case No.: 19-cv-7463 |

## COMPLAINT

**NOW COMES** the Plaintiff, PATRICIA CLAYBORNE, by and through her undersigned attorney, Arthur R. Ehrlich of the Law Offices of GOLDMAN & EHRLICH, CHTD., and as her Complaint against Defendants, ELMHURST COLLEGE and ELMHURST COLLEGE BOARD OF TRUSTEES, states as follows:

1. This is an action brought under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination based on Plaintiff's race, gender, and retaliation, and for discrimination based on age under the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq.*. Jurisdiction exists under 42 U.S.C. § 2000e *et seq.*, 29 U.S.C. §623, and supplemental jurisdiction under 28 USC § 1367. Venue exists because Plaintiff resides in the Northern District of Illinois and Defendants reside in Elmhurst, Illinois.

2. Plaintiff filed a timely charge for discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) in or about June 2019, and the EEOC issued a Plaintiff a Right to Sue letter to Plaintiff dated September 13, 2019, which Plaintiff received a few days thereafter.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3. Plaintiff, PATRICIA CLAYBORNE, is a resident of Chicago Illinois. Plaintiff's race is African American, she is female, and is over the age of 40. She was employed by Defendant since approximately June of 2017 until her termination in May of 2019.

4. Defendant, ELMHURST COLLEGE, is an educational institution that is located in Elmhurst, Illinois. It is governed by the Elmhurst College Board of Trustees. Defendants will be collectively referred to as Defendant.

5. Plaintiff began working for Defendant in or about November 2017, as a security officer. Plaintiff was terminated on or about May 10, 2019.

6. Plaintiff met or exceeded Defendant's reasonable performance expectations as a security officer for Defendant. Plaintiff received a raise in January of 2019 based on her performance, and she received an Employee Commendation in or about August of 2018 and in early 2019.

## COUNT I
## RACE DISCRIMINATION

7. Defendants treated Plaintiff differently compared to Caucasian security officers and other employees in the security department based on race.

8. Plaintiff was often scheduled to work alone on the late or midnight shift without any other security officer working on that shift. Caucasian officers were normally not required to work alone on the late or midnight shift.

9. Defendant often subjected Plaintiff to schedule changes. Caucasian officers did not have their shifts changed as frequently compared to Complainant.

10. Defendant also treated another African American security officer differently compared to Caucasian employees.

11. On or about May 10, 2019, Defendant terminated Plaintiff based on her race. Defendant falsely claimed that Plaintiff left her assigned area without notice, failed to perform

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

building checks, and stayed in her security vehicle for extended periods of time while not performing any work.

12. Defendant's reasons for terminating Plaintiff were a pretext for discrimination. Plaintiff did notify Defendant that she was taking her lunch break and getting gas for her assigned security vehicle. Defendant knew that Plaintiff and other security officers often did patrols on foot while parking their security vehicles. Defendant also knew that because Plaintiff often was assigned to work the late or midnight shift alone, the applicable procedure would not require her to inspect all buildings so she could more easily respond to emergency situations.

13. Defendant also falsely claimed that Plaintiff had been warned about similar issues in the past as a further pretext to justify its discriminatory decision to terminate her.

14. Defendant did not treat Caucasian employees in this manner. A Caucasian employee often slept while on duty, and had a gun on duty which was not allowed, but was not terminated.

15. Defendant's actions were willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

16. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

      C.      Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00);

      D.      Attorney's fees and costs; and

      E.      Such other relief as this Court deems appropriate.

## COUNT II
## GENDER DISCRIMINATION

1-6.    Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-6 in this Count II.

7.    Defendant treated Plaintiff differently based on its belief about her sexual orientation, and because Defendant believed that she did not conform to its stereotype for a female employee due to her perceived sexual orientation.

8.    Plaintiff was often scheduled to work alone on the late or midnight shift without any other security officer working on that shift.

9.    Defendant often subjected Plaintiff to schedule changes.

10.    On or about May 10, 2019, Defendant terminated Plaintiff based on its belief about her sexual orientation and for not conforming to Defendant's stereotype for a female employee. Defendant falsely claimed that Plaintiff left her assigned area without notice, failed to perform building checks, and stayed in her security vehicle for extended periods of time while not performing any work.

11.    Defendant's reasons for terminating Plaintiff were a pretext for discrimination. Plaintiff did notify Defendant that she was taking her lunch break and getting gas for her assigned security vehicle. Defendant knew that Plaintiff and other security officers often did patrols on foot while parking their security vehicles. Defendant also knew that because Plaintiff often was assigned to work the late or midnight shift alone, the applicable procedure would not require her to inspect all buildings so she could more easily respond to emergency situations.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

12. Defendant also falsely claimed that Plaintiff had been warned about similar issues in the past as a further pretext to justify its discriminatory decision to terminate her.

13. Defendant has not taken these actions against male or heterosexual male security officers and its reason for terminating Plaintiff was a pretext for discrimination. A male employee often slept while on duty, and had a gun on duty which was not allowed, but was not terminated.

14. Defendant's actions have been willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

15. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

    A. Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

    B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

    C. Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00);

    D. Attorney's fees and costs; and

    E. Such other relief as this Court deems appropriate.

## COUNT III
## AGE DISCRIMINATION

1-6. Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-6 in this Count III.

7. Defendants treated Plaintiff differently based on her age. Plaintiff was over the age of 40.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

8. Plaintiff was often scheduled to work alone on the late or midnight shift without any other security officer working on that shift. Younger security officers were normally not required to work alone on the late or midnight shift.

9. Defendant often subjected Plaintiff to schedule changes. Younger security officers did not have their shifts changed as frequently compared to Plaintiff.

10. On or about May 10, 2019, Defendant terminated Plaintiff based on her age. Defendant falsely claimed that Plaintiff left her assigned area without notice, failed to perform building checks, and stayed in her security vehicle for extended periods of time while not performing any work.

11. Defendant's reasons for terminating Plaintiff were a pretext for discrimination. Plaintiff did notify Defendant that she was taking her lunch break and getting gas for her assigned security vehicle. Defendant knew that Plaintiff and other security officers often did patrols on foot while parking their security vehicles. Defendant also knew that because Plaintiff often was assigned to work the late or midnight shift alone, the applicable procedure would not require her to inspect all buildings so she could more easily respond to emergency situations.

12. Defendant also falsely claimed that Plaintiff had been warned about similar issues in the past as a further pretext to justify its discriminatory decision to terminate her.

13. Defendant has not taken these actions younger security officers and its reason for terminating Plaintiff was a pretext for discrimination. A younger employee often slept while on duty, and had a gun on duty which was not allowed, but was not terminated.

14. Defendant's actions have been willful and malicious, and violated the Age Discrimination in Employment Act, 29 U.S.C. §623 *et seq.* Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

15. Plaintiff demands trial by jury.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

C. Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00);

D. Attorney's fees and costs; and

E. Such other relief as this Court deems appropriate.

## COUNT IV RETALIATION

1-6. Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-6 in this Count V.

7. Plaintiff made internal complaints to Defendant complaining that she, and sometimes another African American security officer, were being discriminated against and treated differently compared to other security officers, most of whom were Caucasian.

8. The discriminatory treatment Plaintiff complained about included being scheduled to work alone on the late or midnight shift without any other security officer working on that shift, and being subjected more schedule changes as compared to other security officers, most of whom were Caucasian.

9. On or about May 10, 2019, Defendant terminated Plaintiff in retaliation for making these complaints about discriminatory treatment. Defendant falsely claimed that Plaintiff left her assigned area without notice, failed to perform building checks, and stayed in her security vehicle for extended periods of time while not performing any work.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

10. Defendant's reasons for terminating Plaintiff were a pretext for retaliation. Plaintiff did notify Defendant that she was taking her lunch break and getting gas for her assigned security vehicle. Defendant knew that Plaintiff and other security officers often did patrols on foot while parking their security vehicles. Defendant also knew that because Plaintiff often was assigned to work the late or midnight shift alone, the applicable procedure would not require her to inspect all buildings so she could more easily respond to emergency situations.

11. Defendant also falsely claimed that Plaintiff had been warned about similar issues in the past as a further pretext to justify its retaliatory decision to terminate her.

12. Defendant has not taken these actions against employees who did not make complaints of discrimination. An employee often slept while on duty, and had a gun on duty which was not allowed, but was not terminated.

14. Defendant's actions were willful and malicious, and violated Title VII, 42 U.S.C. §2000e *et seq*. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and caused Plaintiff emotional distress.

15. Defendant's actions were willful and malicious. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

16. Plaintiff demands trial by jury.

**WHEREFORE,** Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against Defendant and that Plaintiff be awarded the following relief:

A. Actual damages for lost salary and employment benefits in an amount in excess of One Hundred Thousand Dollars ($100,000.00);

B. Compensatory damages in an amount of Three Hundred Thousand Dollars ($300,000.00);

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

  C. Punitive damages in the amount of Three Hundred Thousand Dollars ($300,000.00);

  D. Attorney's fees and costs; and

  E. Such other relief as this Court deems appropriate.

## COUNT V
## RETALIATORY DISCHARGE UNDER STATE COMMON LAW

1-6. Plaintiff realleges ¶¶1-6 of Count I, above, as ¶¶ 1-6 in this Count V.

7. Plaintiff was often scheduled to work alone on the late or midnight shift without any other security officer working on that shift.

8. Plaintiff complained to Defendant that having to work alone on the late or midnight shift created security and safety problems for Plaintiff and for other officers working alone on these shifts, and for the students on campus. Plaintiff explained that there would be no backup in an emergency situation that an officer may face, and being the sole officer on that shift would put students at risk as it would be harder for a single officer to respond to an emergency or multiple incidents at the same time. Plaintiff made these complaints on several occasions, including in April 2019.

9. Plaintiff's complaints raised important public safety issues regarding the protection of other employees and students. Defendant has approximately 1000 students enrolled, many of whom are Illinois residents. Illinois has an important policy of protecting its workers and residents and insuring that they are safe.

10. On or about May 10, 2019, Defendant terminated Plaintiff in retaliation for making these complaints. Defendant falsely claimed that Plaintiff left her assigned area without notice, failed to perform building checks, and stayed in her security vehicle for extended periods of time while not performing any work.

LAW OFFICES
**GOLDMAN & EHRLICH**
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

11. Defendant's reasons for terminating Plaintiff were a pretext for retaliation. Plaintiff did notify Defendant that she was taking her lunch break and getting gas for her assigned security vehicle. Defendant knew that Plaintiff and other security officers often did patrols on foot while parking their security vehicles. Defendant also knew that because Plaintiff often was assigned to work the late or midnight shift alone, the applicable procedure would not require her to inspect all buildings so she could more easily respond to emergency situations.

12. Defendant also falsely claimed that Plaintiff had been warned about similar issues in the past as a further pretext to justify its retaliatory decision to terminate her.

13. Defendant has not taken these actions against employees who did not make complaints about important safety issues. An employee often slept while on duty, and had a gun on duty which was not allowed, but was not terminated.

14. Defendant's actions were willful and malicious. Defendant's conduct has caused Plaintiff to lose salary and other employment benefits and has caused Plaintiff emotional distress.

15. Plaintiff demands trial by jury.

**WHEREFORE**, the Plaintiff requests that this court enter a judgment in favor of the Plaintiff and against the Defendant and that the Plaintiff be awarded the following relief:

    A. Actual damages for lost salary and employment benefits in an amount in excess of $100,000;

    B. Punitive damages in an amount in excess of $500,000;

    C. Such other relief as this court deems appropriate.

LAW OFFICES
GOLDMAN & EHRLICH
20 SOUTH CLARK STREET
SUITE 500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH,
as attorney for Plaintiff PATRICIA CLAYBORNE

10